UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

TOMONRICK JACKSON,

                                  Petitioner,

v.                                          Criminal Action No. 3:08-CR-425
                                           Civil Action No. 3:09-CV-766

UNITED STATES OF AMERICA,

                                  Respondent.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on the Motion Under 28 U.S.C. Section 2255 to Vacate and Set Aside Sentence by a Prisoner in Federal Custody filed by Petitioner Tomonrick Jackson. (Doc. No. 28.) The Government moves the Court to dismiss the Petition. For the reasons stated below, the Court GRANTS the Government's Motion and DISMISSES the Petition.

### I.      **FACTUAL AND PROCEDURAL HISTORY**

Petitioner agreed to distribute sixty-two grams of crack cocaine to a confidential informant. Petitioner met the confidential informant at the Mountain Express Store on Mountain Road in Glen Allen, Virginia. Upon his arrival, police detained Petitioner. Officers searched Petitioner and found sixty-three grams of crack cocaine on his person.

Petitioner waived indictment and pled guilty to a criminal information charging him with one count of Possession with Intent to Distribute Fifty Grams or More of Cocaine Base. Under the terms of the plea agreement, Petitioner admitted he was guilty of possessing with intent to distribute more than fifty grams of crack cocaine. He knowingly waived his

1

right to appeal the conviction and any sentence within the statutory maximum for his offense. This Court sentenced Petitioner to 120 months incarceration on January 6, 2009. Petitioner did not file a direct appeal. He filed the instant Petition December 4, 2009.

## II. LEGAL STANDARD

Title 28 of the United States Code, section 2255, provides a prisoner sentenced by a federal court with a procedural vehicle to challenge the constitutional and jurisdictional validity of his sentence. Under the statute, a prisoner in federal custody may attack his sentence on grounds that: (1) the sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail under § 2255, the movant must show by a preponderance of the evidence that he is entitled to relief. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); United States v. King, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999).

## III. DISCUSSION

Petitioner moves the Court to re-sentence him because of the disparity in sentencing for powder cocaine offenses and crack cocaine offenses. Petitioner states:

> The 100:1 ratio for powder and crack-cocaine utilized in the Anti-Drug Act has unfortunately resulted in crack-cocaine offenders receiving sentences far in excess of what they should have been. It has been disputed [*sic*] that under this sentencing scheme, the heightened penalties applied to "crack" cocaine offense disproportioned [*sic*] the impact upon African American defendants.

Petitioner's Memorandum, p. 1.

Petitioner believes he should be re-sentenced under a 1-to-1 ratio for powder cocaine and crack cocaine offenses because of policy statements issued by the United States

Department of Justice. Petitioner cites <u>United States v. Lewis</u>, 623 F. Supp. 2d 42, 47 (D.D.C. 2009), in which a District of Columbia district court held it would apply a 1-to-1 ratio in all crack cocaine cases and "[s]eparately consider all aggravating factors applicable in any individual case, such as violence, injury, recidivism or possession or use of weapons." Petitioner cites a host of other cases for the proposition that Courts are not required to sentence defendants using the 100-to-1 ratio if the sentencing court believes such a sentence would result in unwarranted disparities between defendants convicted of crack cocaine offenses and those convicted of powder cocaine offenses.

The Government argues the Court should summarily dismiss this case because Petitioner did not file a direct appeal and his claim is not cognizable under 28 U.S.C. § 2255. First, the Government argues, Petitioner is procedurally barred from raising claims under 28 U.S.C. § 2255 because a claim not raised on direct appeal cannot be heard on collateral review unless the petitioner shows cause for his failure to raise claims earlier in the process and actual prejudice. <u>United States v. Landrum</u>, 93 F.3d 122, 124-25 (4th Cir. 1996) (citing <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982)). Petitioner must show that "some objective factor external to the defense" impeded his efforts to raise the issue on direct appeal, <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991) (internal citation and quotation marks omitted), and that the error alleged "worked to his actual and substantial disadvantage," <u>Frady</u>, 456 U.S. at 170. Because Petitioner did not raise his claim during or before sentencing and did not pursue a direct appeal, the Government maintains Petitioner is barred from raising the claim now, as he cannot show cause for his failure to raise the claim earlier or actual prejudice.

The Government next argues Petitioner's plea agreement prohibits collateral review of the issue raised in the Motion. Petitioner waived the right to appeal any sentence within the statutory maximum when he signed the plea agreement in this case. See Plea Agreement ¶ 6, Oct. 6, 2008 (ECF No. 19). The Government argues Petitioner cannot avoid the consequences of a knowing and voluntary appeal waiver by raising this claim on collateral review. United States v. Linder, 552 F.3d 391, 392 (4th Cir. 2009). Consequently, Petitioner cannot circumvent a direct appeal by raising his claim in the instant Motion.

The Government's third argument is the disparity in sentencing for crack and powder cocaine offenses does not give rise to a constitutional violation and Petitioner is not entitled to collateral review simply because the Court failed to depart from the guideline range when imposing his sentence. Petitioner alleges African American defendants are disproportionately harmed by the 100-to-1 crack to powder cocaine ratio. The Government maintains claims of racial disparity in cocaine sentencing do not give rise to a constitutional violation and the fact that the sentencing judge did not categorically reject the 100-to-1 ratio does not establish constitutional error. While the Supreme Court of the United States has held district courts may determine that a sentence within the guideline range is greater than necessary to serve the objectives of sentencing and consider the disparity in the United States Sentencing Guidelines' treatment of crack and powder cocaine offenses, Kimbrough v. United States, 552 U.S. 85, 91 (2007), courts are not required to sentence defendants using a 1-to-1 ratio.

Finally, the Government notes the Fair Sentencing Act of 2010 does not apply to Petitioner because the Act is not retroactive. Because this legislation has no language giving

it retroactive effect, the new penalties apply only to criminal conduct that takes place after the law's enactment. See 1 U.S.C. § 109.

A plea agreement that waives the right to appeal does not waive the right to bring a motion under 28 U.S.C. § 2255 unless it does so expressly. Linder, 552 F.3d at 393 n.1. Petitioner chose not to pursue direct appeal, even though that avenue remained open to him despite the waiver in the plea agreement. See id. at 396 (quoting Latham v. United States, 527 F.3d 651, 653 (7th Cir. 2008)) ("[a] defendant who forswears appellate review as part of a plea bargain remains entitled to file a notice of appeal. Although that appeal is doomed unless the guilty plea is involuntary . . . the possibility that the defendant will be able to have the plea vitiated permits at least the preliminary stages of an appeal."). A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal.'" Id. at 396-97 (internal citation and quotation marks omitted). Petitioner's claim could have been raised on direct appeal, but was not. Consequently, it is not cognizable on collateral review and must fail.

## IV.     CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

5

court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated more fully above, no law or evidence suggests Petitioner is entitled to further consideration of this claim. Accordingly, the Court DENIES a certificate of appealability.

## V. CONCLUSION

Because Petitioner has not set forth a claim cognizable on collateral review, the Court DISMISSES his Petition and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __31st__ day of March 2011